

**ORDERED in the Southern District of Florida on June 13, 2014.**

*/s/ John K. Olson*

**John K. Olson, Judge**
**United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA (FT. LAUDERDALE)**
www.flsb.uscourts.gov

In re:

JAMES CLARK HOWARD                              CASE NO. 12-28313-BKC-JKO
                                                CHAPTER 7

Debtor.
_____/

**ORDER AWARDING FIRST INTERIM FEE APPLICATION OF MARCUM, LLP**
**AS ACCOUNTANTS TO THE TRUSTEE**

**THIS CAUSE**, having come before the Court on June 11, 2014 at 9:30 a.m. upon the First Interim Fee Application of Marcum, LLP ("Marcum") as Accountant for the Chapter 7 Trustee. The Court having reviewed the file and Application, having heard comments by interested parties, and being otherwise fully advised in the premises, the Court finds that the following allowances which constitute 80% of the requested fees are reasonable under the applicable provisions of the Bankruptcy Code and, accordingly, it is

**ORDERED** as follows:

1.      That Marcum LLP is awarded interim fees in the amount of $14,459.20, representing 80% of the fees requested; and expenses in the amount of $76.20, representing 100% of the expenses.

The Chapter 7 Trustee is authorized to issue payment of the total fees and costs in the amount of $14,535.40.

2. The amounts awarded herein shall be on an interim basis and without prejudice to the rights of the Applicant to seek award and payment of any amounts held back or not otherwise awarded hereunder in connection with the final fee application.

3. In making the foregoing award, the Court finds that the amounts awarded herein represent reasonable compensation for actual and necessary services rendered and expenses incurred by the Applicant.

4. In allowing the foregoing fees, the Court has considered the criteria in 11 U.S.C. sections 326 and 330 and the requirements of Bankruptcy Rule 2016 in light of principles stated in Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 478 U.S. 546 (1986); Blum v. Stenson, 465 U.S. 886, 897 (1984); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); each of the factors that govern the reasonableness of fees as set forth in Matter of First Colonial Corp. of America, 5 Cir.1977, 544 F.2d 1291 and Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Specific findings and a statement of the facts and considerations supporting each of these conclusions have been omitted in the interest of brevity but will be prepared and filed at the request of any party if received by this Court within ten (10) days after the entry of this order.

###

Submitted By:

John L. Heller
450 E. Las Olas Blvd, 9th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 320-8154

Accountant John L. Heller is directed to serve copies of this Order on all parties listed and file a certificate of service.